No. 23-12423

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

DENNIS GOMAS AND SUZANNE GOMAS,

*Plaintiffs-Appellants*

V.

UNITED STATES OF AMERICA

*Defendant-Appellee*

Appeal from the United States District Court

For the Middle District of Florida

No. 8:22-cv-01271-TPB-TGW

---

**APPELLANTS' OPENING BRIEF**

---

Tyler H. DeWitt
7320 E. Fletcher Ave.
Tampa, FL 33637
Telephone: (813) 603-1350

Andrew Mullendore
7320 E. Fletcher Ave.
Tampa, FL 33637
Telephone: (813) 603-1350

*Attorneys for Appellants*
Dennis Gomas
Suzanne Gomas

No. 23-12423
**Dennis Gomas and Suzanne Gomas v. United States of America**

**CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, counsel for Dennis Gomas and Suzanne Gomas hereby certifies that, to the best of their knowledge, information, and belief, the following persons and entities have an interest in the outcome of this appeal:

Barber, Thomas, United States District Judge, Middle District of Florida, Tampa Division

DeWitt, Tyler H., Attorney for Plaintiffs/Appellants

Esteban, Jordan A., Trial Attorney, Tax Division, Department of Justice

Gomas, Dennis, Plaintiff/Appellant

Gomas, Suzanne, Plaintiff/Appellant

Handberg, Roger B., United States Attorney, Middle District of Florida

Hubbert, David A., Deputy Assistant Attorney General, Tax Division, Department of Justice

Mullendore, Andrew, Attorney for Plaintiffs/Appellants

Wollitzer, Rachel I., Attorney, Appellate Section, Tax Division, Department of Justice

## STATEMENT REGARDING ORAL ARGUMENT

Appellants Dennis Gomas and Suzanne Gomas respectfully request oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(1) and Rule 28-1(c) of the Eleventh Circuit Rules. This is a federal income tax case centered on the following: (1) whether genuine issues of material fact exist that preclude summary judgment; (2) whether the payments of purported business expenses and legal fees constitute deductible ordinary and necessary business expenses under I.R.C. § 162(a); and (3) whether the recipients of IRA distributions are considered distributees under I.R.C. § 408(d)(1).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ..........................................C-1

STATEMENT REGARDING ORAL ARGUMENT ..................................... i

TABLE OF CONTENTS ................................................................ ii

TABLE OF CITATIONS .............................................................. iv

JURISDICTIONAL STATEMENT.................................................1

STATEMENT OF THE ISSUES ....................................................1

STATEMENT OF THE CASE ......................................................2

SUMMARY OF THE ARGUMENT................................................11

ARGUMENT ........................................................................12

    I.     SUMMARY JUDGMENT IS PRECLUDED
          BY THE EXISTENCE OF GENUINE
          ISSUES OF MATERIAL FACT ...............................................12

          A.    THE APPELLANTS PRESENTED SPECIFIC
               FACTS SHOWING GENUINE ISSUES OF
               MATERIAL FACT EXIST THAT PRECLUDE
               SUMMARY JUDGMENT .............................................12

          B.    THE DISTRICT COURT ERRED WHEN IT
               RELIED SOLELY ON THE APPELLEE'S
               EVIDENCE IN ITS DECISION TO GRANT
               APPELLEE'S MOTION FOR SUMMARY
               JUDGMENT.................................................................14

II.    THE APPELLANTS ARE ENTITLED TO
       DEDUCIONTS FOR ORDINARY AND
       NECESSARY BUSINESS EXPENSES
       UNDER I.R.C. § 162(A) .........................................................15

       A.    THE APPELLANTS INCURRED
             DEDUCTIBLE BUSINESS EXPENSES
             UNDER I.R.C. § 162(A) WHEN THEY
             PROVIDED FUNDS FOR MS. ANDERSON
             TO REMIT AS PAYMENT FOR MERCHANT
             SERVICES ACCOUNT CHARGEBACKS AND
             LEGAL EXPENSES ARISING FROM
             MY PETS PRIDE.............................................................15

       B.    THE APPELLANTS ENGAGED IN AN
             ACTIVE TRADE OR BUSINESS IN 2017
             THROUGH THEIR ACTIVITES WITH
             MY PETS PRIDE.............................................................19

       C.    RETIREMENT DOES NOT BAR THE
             APPELLANTS FROM DEDUCTING
             ORDINARY AND NECESSARY
             BUSINESS EXPENSES .................................................21

III.   APPELLANTS WERE NOT DISTRIBUTEES
       UNDER I.R.C. § 408(D)(1) BECAUSE THE
       APPELLANTS DID NOT RECEIVE THE ECONOMIC
       BENEFIT OF THE DISTRIBUTIONS....................................23

CONCLUSION ...........................................................................25

CERTIFICATE OF COMPLIANCE ...........................................................26

CERTIFICATE OF SERVICE.....................................................................27

# TABLE OF CITATIONS

## Cases

*Arrowsmith v. Commissioner* ...............................................................21, 23
344 U.S. 6, 7 (1952)

*Brannen v. Commissioner* ...............................................................19
722 F.2d 695, 704 (11th Cir. 1984)

*Bunney v. Commissioner* ...................................................... 23-24
114 T.C. 259, 262 (2000)

*Burrows v. Commissioner* ................................................... 21-23
38 B.T.A. 236, 238 (1938)

*Celotex Corp. v. Catrett* ...............................................................10
477 U.S. 317, 323 (1986)

*Commissioner v. Tellier* ................................................... 15, 17-18
383 U.S. 689-90 (1966)

*Dowd v. Commissioner* ....................................................... 22-23
68 T.C. 294, 301 (1977)

*Edmondson v. Velvet Lifestyles, LLC* ...........................................10
43 F.4th 1153, 1160 (11th Cir. 2022)

*Kernel Records Oy v. Mosley* ......................................................11
694 F.3d 1294, 1301 (11th Cir. 2012)

*Loewy Drug Co. of Baltimore City v. U.S.* ....................................16
232 F.Supp 143, 148 (M.D. Md. 1964),
*aff'd* 356 F.2d 928 (4th Cir. 1966).

*McKenny v. United States* ...........................................................17
973 F.3d 1291, 1297 (11th Cir. 2020)

*Mize v. Jefferson City Bd. of Educ* .........................................................11, 14
    93 F.3d 739, 742 (11th Cir. 1996)

*Molina v. Merritt & Furman Ins. Agency, Inc* ........................................11, 14
    207 F.3d 1351, 1356 (11th Cir. 2000)

*Osteen v. Commissioner* ............................................................................ 19-20
    62 F.3d 356, 358 (11th Cir. 1995)

*Roberts v. Commissioner* .......................................................................... 23-24
    141 T.C. 569, 576 (2013)

*Whatley v. CNA Ins. Companies* ...............................................................10
    189 F.3d 1310, 1313 (11th Cir. 8 1999)

**Statutes**

I.R.C. § 162(a) ........................................................................................ *passim*

I.R.C. § 408(d)(1) .................................................................................... *passim*

28 U.S.C. § 1291 .......................................................................................1

28 U.S.C. § 1294(1) ..................................................................................1

28 U.S.C. § 1346(a).....................................................................................1

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................10

## JURISDICTIONAL STATEMENT

Jurisdiction for this proceeding was proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1346(a) because Appellants seek to recover tax that was erroneously collected. The district court entered an order granting summary judgment to the United States on July 17, 2023. The district court entered final judgment against Appellants as to all claims on July 18, 2023. On July 21, 2023, Appellants filed a timely notice of appeal. Jurisdiction in this Court is proper under 28 U.S.C. §§ 1291 and 1294(1).

## STATEMENT OF THE ISSUES

I.      Whether the district court erred when it granted the Appellee's motion for summary judgment because general issues of material fact existed.

II.     Whether a taxpayer is entitled to deduct the payments of purported business expenses and legal fees as ordinary and necessary business expenses pursuant to I.R.C. § 162(a) when the taxpayer remitted payments for the purported expenses under the good-faith belief of the legitimacy of the expenses, but the payments were fraudulently diverted for non-business use.

III.    Whether a taxpayer is the distributee under I.R.C. § 408(d)(1) when the taxpayer did not receive the economic benefit of the distribution.

## STATEMENT OF THE CASE

<u>Proceedings Below</u>

On June 2, 2022, Appellants filed their Complaint seeking a refund of the income tax paid to Appellee for their 2017 federal income tax return. On May 26, 2023, Appellee filed a Motion for Summary Judgment. On June 15, 2023, Appellants filed their Response to the Appellee's Motion for Summary Judgment. On June 16, 2023, Appellants filed their Amended Response to the Appellee's Motion for Summary Judgment. On June 29, 2023, Appellee filed its Reply to the Appellants' Amended Response to the Appellee's Motion for Summary Judgment.

On July 17, 2023, the district court issued an order granting the Appellee's Motion. The district court determined the following: (1) that the Appellants were distributees under I.R.C. § 408(d)(1) because the Appellants were the recipients of the funds distributed from Appellant Dennis Gomas' IRA account; and (2) that the Appellants were not entitled to deduct the payments to Suzanne Anderson for purported business expenses as ordinary and necessary business because the Appellants were retired and no business expenses were actually paid. On July 18, 2022, the district court entered final judgment against the Appellants and in favor of the Appellee.

Statement of Facts

1.      Appellants, Dennis Gomas and Suzanne Gomas, are elderly
individuals, age 78 and 74 respectively, who reside in Spring Hill, Florida.
Complaint p. 2.

2.      Appellants worked their entire lives to build up substantial savings in
order to comfortably retire. Complaint p. 2. However, the Appellants were robbed
of the opportunity to enjoy their lifetime of hard work because the Appellants were
criminally defrauded of their retirement funds by Suzanne Anderson (hereinafter
"Ms. Anderson). Complaint p. 2. Their struggles did not end there. Complaint p. 2.
Due to Ms. Anderson's fraud, the Appellants owed the Internal Revenue Service
(hereinafter "IRS") hundreds of thousands of dollars. Complaint p. 2. The Appellants
contested this tax liability, but the IRS denied both their amended individual income
tax return and request for appeals consideration. Complaint p. 2.

3.      In November 2010, Appellant Dennis Gomas inherited Feline's Pets
Pride LLC following his brother's death. Complaint p. 3; Plaintiffs' Response to
Motion for Summary Judgment p. 1. Feline's Pets Pride LLC was a raw pet food
manufacturer and online distributor. Complaint p. 3; Plaintiffs' Response to Motion
for Summary Judgment p. 1. Shortly after inheriting this business, Appellant Dennis
Gomas changed the name to Gomas Enterprises, LLC. Complaint p. 3; Plaintiffs'
Response to Motion for Summary Judgment p. 2. Appellant Dennis Gomas operated

3

Gomas Enterprises, LLC in New York until November 2014. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 2.

4.    In November 2014, the Appellants changed the name from Gomas Enterprises to My Pets Pride, LLC ("My Pets Pride"), moved the business to Florida, and incorporated it there. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 2. The primary business of My Pets Pride remained manufacturing and distributing raw pet food. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 2.

5.    In 2015, the Appellants began contemplating ceasing the operations of My Pets Pride. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 2. Since Appellant Dennis Gomas inherited the business, the only profitable year was 2011. Plaintiffs' Response to Motion for Summary Judgment p. 2. On June 29, 2016, the Appellants dissolved My Pets Pride by filing a certificate of dissolution with the state of Florida. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 2. However, the bank account the Appellants maintained on behalf of My Pets Pride remained open until May 2017 in order to settle outstanding Merchant Services account transactions. Plaintiffs' Response to Motion for Summary Judgment p. 2.

6.    Ms. Anderson is the daughter of Appellant Suzanne Gomas and the stepdaughter of Appellant Dennis Gomas. Plaintiffs' Response to Motion for

Summary Judgment p. 3.  Ms. Anderson began working for My Pets Pride when the Appellants moved the business to Florida in late 2014. Plaintiffs' Response to Motion for Summary Judgment p. 3. Ms. Anderson initially worked in customer service to become acclimated with the basic functions of the business. Plaintiffs' Response to Motion for Summary Judgment p. 3.

7.      When the Appellants began to contemplate shutting down My Pets Pride, the Appellants considered giving Ms. Anderson the business. Complaint p. 4; Plaintiffs' Response to Motion for Summary Judgment p. 3. In June 2016, the Appellants transitioned operational control of the business to Ms. Anderson. Plaintiffs' Response to Motion for Summary Judgment p. 3. She changed the business' name to Purrfectly Raw and obtained an Employer Identification Number. Plaintiffs' Response to Motion for Summary Judgment p. 3. Despite transitioning operational control to Ms. Anderson, the Appellants remained involved in the business' operations. Plaintiffs' Response to Motion for Summary Judgment p. 3-4. Also, Ms. Anderson continued operating the business in the same manner as the Appellants. Plaintiffs' Response to Motion for Summary Judgment p. 4.

8.      Appellant Suzanne Gomas continued to perform managerial tasks for Purrfectly Raw throughout 2016 and 2017. Plaintiffs' Response to Motion for Summary Judgment p. 3-4. She prepared sales tax returns and made other financial decisions for the business. Plaintiffs' Response to Motion for Summary Judgment p.

3-4. Also, Appellant Suzanne Gomas continued to infuse the business with cash for expenses, including Merchant Services account chargebacks. Plaintiffs' Response to Motion for Summary Judgment p. 3-4. Furthermore, Appellant Dennis Gomas remained involved by keeping his name on both the business' bank account and Merchant Services account in 2016 and 2017. Plaintiffs' Response to Motion for Summary Judgment p. 4. Due to this activity, the Appellants reported the pass-through activity of My Pets Pride on their originally filed 2017 Form 1040. Plaintiffs' Response to Motion for Summary Judgment p. 4.

9.      Beginning in late 2016 or early 2017, Ms. Anderson began her scheme to defraud the Appellants. Plaintiffs' Response to Motion for Summary Judgment p. 4.  Ms. Anderson represented to the Appellants that the Appellants were liable for Merchant Services account chargebacks of My Pets Pride. Plaintiffs' Response to Motion for Summary Judgment p. 5.  Chargebacks are not uncommon for a business that accepts credit card payments. Plaintiffs' Response to Motion for Summary Judgment p. 4. For My Pets Pride, there were instances where customers would dispute transactions with My Pets Pride and the Merchant Services account provider would charge the amount the customer originally paid back to the account My Pets Pride maintained, which was in Appellant Dennis Gomas' name. Plaintiffs' Response to Motion for Summary Judgment p. 4 n. 1.

10.    Ms. Anderson stated that the chargebacks arose from My Pets Pride's transactions with customers in previous years, and if the Appellants did not repay the chargebacks, then Appellant Dennis Gomas would be held criminally liable. Plaintiffs' Response to Motion for Summary Judgment p. 5. Ms. Anderson proposed that the Appellants retain Anthony Rickman ("Mr. Rickman") to represent My Pets Pride and the Appellants. Complaint p. 6; Plaintiffs' Response to Motion for Summary Judgment p. 5. The Appellants were familiar with Mr. Rickman because he represented Ms. Anderson in a matter in 2012. Plaintiffs' Response to Motion for Summary Judgment p. 5. On May 5, 2017, the Appellants decided to retain Mr. Rickman. Complaint p. 6. Ms. Anderson told the Appellants that Mr. Rickman needed $125,000.00 in order to prevent the immediate arrest of Appellant Dennis Gomas. Complaint p. 6. The Appellants provided these funds to Ms. Anderson to pay to Mr. Rickman. Complaint p. 6.

11.    Also, Ms. Anderson informed the Appellants that the only method for the Appellants to pay the chargebacks was for the Appellants to provide amounts to her so that she could give the funds to Mr. Rickman for him to remit as payment for the chargebacks. Complaint p. 6, Plaintiffs' Response to Motion for Summary Judgment p. 5-6. Any time Ms. Anderson requested funds from the Appellants to satisfy chargebacks, the Appellants provided the funds. Complaint p. 6, Plaintiffs' Response to Motion for Summary Judgment p. 5-6.

7

12.     At all times, Ms. Anderson impersonated Mr. Rickman. Complaint p. 7; Plaintiffs' Response to Motion for Summary Judgment p. 6. Ms. Anderson insisted that she be the only person to communicate with Mr. Rickman. Complaint p. 7. When the Appellants demanded that they speak with him, Ms. Anderson created a fake e-mail address impersonating Mr. Rickman in order to satisfy the Appellants' demands. Complaint p. 7. Plaintiffs' Response to Motion for Summary Judgment p. 6.  Also, Ms. Anderson fabricated legal documents containing settlements related to My Pets Pride's issues. Complaint p. 7.

13.     In order to provide payments to Ms. Anderson for the Merchant Services account chargebacks and legal expenses, the Appellants repeatedly sold stock from Appellant Dennis Gomas' E*Trade Individual Retirement Account and then transferred the proceeds into their personal SunTrust Bank account. Plaintiffs' Response to Motion for Summary Judgment p. 6-7. All of the amounts transferred from Appellant Dennis Gomas' IRA account to the Appellants' personal SunTrust Bank account were provided to Ms. Anderson to pay for Merchant Services chargebacks or legal expenses. Plaintiffs' Response to Motion for Summary Judgment p. 7. The amount withdrawn from Appellant Dennis Gomas' IRA account totaled $1,196,750.00. Plaintiffs' Response to Motion for Summary Judgment p. 7. Ms. Anderson represented that $104,000.00 of the amounts provided to her by the Appellants were paid to satisfy outstanding Merchant Services account chargebacks

8

that arose from My Pets Pride's business activities. Plaintiffs' Response to Motion for Summary Judgment p. 7.

14.     In August 2019, the Appellants discovered Ms. Anderson's fraud. Ms. Anderson was convicted on six counts of grand theft from a person 65 years of age or older and one count of organized scheme to defraud. Plaintiffs' Response to Motion for Summary Judgment p. 7.  She was sentenced to 25 years in prison for her crimes. Plaintiffs' Response to Motion for Summary Judgment p. 7.

15.     The Appellants timely filed their 2017 federal income tax return. Complaint p. 9; Plaintiffs' Response to Motion for Summary Judgment p. 7. On their 2017 return, the Appellants reported the activities of My Pets Pride on page 2 of Schedule E. Plaintiffs' Response to Motion for Summary Judgment p. 7. The Appellants reported and paid $411,599.14 in income tax for tax year 2017. Plaintiffs' Response to Motion for Summary Judgment p. 7.

16.     In February 2020, the Appellants filed their amended federal income tax return for tax year 2017. Complaint p. 10; Plaintiffs' Response to Motion for Summary Judgment p. 7. The Appellants reported zero tax due and claimed a refund of $412,259.00. Plaintiffs' Response to Motion for Summary Judgment p. 7. The IRS denied the Appellants' claim for refund, and the IRS's Independent Office of Appeals sustained the IRS's decision. Plaintiffs' Response to Motion for Summary

Judgment p. 7. On June 2, 2022, the Appellants sued the United States for their tax refund. Plaintiffs' Response to Motion for Summary Judgment p. 7.

Statement of the Standard of Review

This Court reviews decisions to grant motions for summary judgment de novo and applies the same legal standards that bind the district courts. *Whatley v. CNA Ins. Companies*, 189 F.3d 1310, 1313 (11th Cir. 1999). Summary judgment is appropriate only when there is no genuine dispute as to any issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A motion for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1160 (11th Cir. 2022). The party seeking summary judgment bears the initial burden of identifying portions of the record that show that it is entitled to judgment as a matter of law. *Id.* When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the non-movant presents evidence in response to a motion for summary judgment, courts are barred from weighing conflicting evidence or making

10

credibility determinations, the non-movant's evidence is to be accepted for summary judgment purposes. *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 742 (11th Cir. 1996). Also, if there is a conflict between the parties' allegations or evidence, the nonmoving party's allegations or evidence are presumed to be true, and all reasonable inferences must be drawn in the light most favorable to the non-movant. *Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1356 (11th Cir. 2000). An inference is reasonable if based upon the evidence and not mere speculation. *See Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012).

## SUMMARY OF THE ARGUMENT

The district court erred by granting the Appellee's motion for summary judgment when genuine issues of material fact existed. The Appellants presented multiple pieces of evidence to rebut the evidence presented by the Appellee in its summary judgment motion. Also, regardless of the fact issues, the district court erred as a matter of law in determining that the amounts paid by the Appellants to Ms. Anderson for purported Merchant Services chargebacks and legal expenses do not constitute ordinary and necessary business expenses. At all times, the Appellants paid Ms. Anderson under the good-faith belief the expenses were legitimate and with the intent to remit payment for business and legal expenses. Furthermore, the district court erred in determining that the Appellants were distributees under I.R.C. §

408(d)(1) because Ms. Anderson, rather than the Appellants, received the economic benefit of the distribution as she defrauded the Appellants of the distributions.

## ARGUMENT

### I.    Summary Judgment Is Precluded by the Existence of Genuine Issues of Material Fact.

The district court erred when it granted the Appellee's motion for summary judgment because genuine issues of material fact exist with respect to the deductibility of funds paid by the Appellants to Ms. Anderson in 2017. Instead of applying the summary judgment standard to weigh whether there are genuine disputes of material facts, the district court made its own factual findings and failed to consider the specific facts offered by the Appellants showing the existence of material fact disputes.

### A.    The Appellants presented specific facts showing genuine issues of material fact exist that preclude summary judgment.

The Appellants presented specific facts to the district court showing that genuine issues of material fact exist that preclude summary judgment. First, the Appellants presented specific facts showing that funds provided to Ms. Anderson were used to pay Merchant Services account chargebacks. Second, the Appellants presented sufficient evidence to support their assertion that they were not retired from My Pets Pride in 2017. Third, the Appellants presented specific facts disputing the total amount of funds provided to Ms. Anderson.

The Appellants presented deposition testimony of Ms. Anderson to support their factual assertion that a portion of the funds provided to her were used to pay Merchant Services account chargebacks. Ms. Anderson testified in her deposition that she requested funds to pay outstanding Merchant Services account chargebacks, which she subsequently paid. These payments of Merchant Services account chargebacks clearly constitute deductible ordinary and necessary business expenses because these chargebacks arose from the business operations of My Pets Pride.

Also, the Appellants presented various evidence through deposition testimony that support their contention that they were not retired from My Pets Pride in 2017. In 2016, the Appellants transitioned operational control of My Pets Pride to Ms. Anderson. However, after handing over operational control, the Appellants remained involved with the operations of My Pets Pride. First, Appellant Suzanne Gomas prepared sales tax returns, infused the business with cash, and making financial decisions. Second, Appellant Dennis Gomas allowed his name to remain on the bank account and Merchant Services account.

Furthermore, the Appellants presented specific facts through Appellant Suzanne Gomas' deposition testimony disputing the amount of funds provided to Ms. Anderson. The Appellants contend that all of the funds withdrawn, totaling $1,196,750.00, were provided to Ms. Anderson. The Appellee asserted that only

$726,152.44 were provided to Ms. Anderson. This results in a material difference of $470,597.59, which could affect the Appellants' claim for refund.

**B.    The district court erred when it relied solely on the Appellee's evidence in its decision to grant the Appellee's motion for summary judgment.**

The district court erred when it relied solely on the Appellee's evidence in its decision to grant the Appellee's motion for summary judgment. Precedent prevents the district court from making any credibility determination at the summary judgment stage of a proceeding. *Mize*, 93 F.3d at 742. The district court was required to accept the evidence presented by the Appellant, as the non-movant, as true for summary judgment purposes. *Mize*, 93 F.3d at 742. Furthermore, the district court was required to view the evidence in the light most favorable to the Appellants and make all reasonable inferences and presumptions in the Appellants' favor. *Molina*, 207 F.3d at 1356. The Appellants' evidence created genuine issues of material fact because the various pieces of evidence directly contradict the Appellee's contentions in its motion for summary judgment. The Appellants presented evidence that directly rebuts the Appellee's contentions. As a result, the Appellants satisfied their burden. Therefore, the District Court erred when it granted the Appellee's motion for summary judgment because genuine issues of material fact existed.

**II.     The Appellants Are Entitled to Deductions for Ordinary and Necessary Business Expenses Under I.R.C. § 162(a).**

The district court erred in granting summary judgment because the Appellants are entitled to deduct under I.R.C. § 162(a) ordinary and necessary business expenses paid for My Pets Pride. These business expenses were incurred in 2017 by the Appellants through funds provided to Ms. Anderson to remit as payment for Merchant Services account chargebacks and legal expenses necessary to advance and protect My Pets Pride. The district court further erred in determining that the Appellants were not engaged in any for-profit business activity in 2017 when the Appellants actively engaged in and funded the business activities of My Pets Pride.

**A.     The Appellants incurred deductible business expenses under I.R.C. § 162(a) when they provided funds for Ms. Anderson to remit as payment for Merchant Services account chargebacks and legal expenses arising from My Pets Pride.**

The Appellants are entitled to deduct as business expenses the funds provided to Ms. Anderson to remit as payment for the following business expenses related to My Pets Pride: (1) Merchant Services account chargebacks; and (2) legal fees. Under I.R.C. § 162(a), a taxpayer may deduct from income all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. I.R.C. § 162(a) (2023). A business expense is ordinary when it is currently deductible without any capitalization requirement. *Commissioner v. Tellier*, 383 U.S. 687, 689-90 (1966). The Supreme Court has construed the term "necessary" to

require a minimal relationship between the expense and the advancement of the taxpayer's business. *Id*. At 689. A business expense is a necessary expense when there are business ends to be served and the payor intended to serve those business ends by means of the questioned expense. *Loewy Drug Co. of Baltimore City v. U.S.*, 232 F.Supp 143, 148 (M.D. Md. 1964), *aff'd* 356 F.2d 928 (4th Cir. 1966).

### *Merchant Services*

My Pets Pride utilized a Merchant Services account to process credit card transactions and often paid Merchant Services account chargebacks. A Merchant Services account chargeback occurs when a customer disputes a credit card transaction with his credit card company, which the credit card company then reverses, and the merchant is required to remit the funds from the reversed transaction to the credit card company. Merchant Services chargebacks were clearly ordinary and necessary business expenses because the Appellants were not required to capitalize the expenses and the chargebacks arose from sales made by My Pets Pride.

The Merchant Services account chargebacks were also necessary because the Appellants there were business ends and the Appellants intended those serve those ends by remitting payment. In order to keep My Pets Pride's Merchant Services account active, chargebacks needed to be paid. If My Pets Pride lost its Merchant Services account, the business would be unable to process credit card transactions,

which would be detrimental to the business. As a result, the Appellants possessed the requisite intent when providing funds to Ms. Anderson to remit for chargebacks because the Appellants intended to keep the Merchant Services account by satisfying the chargebacks. Thus, the district court erred when it granted the Appellee's motion for summary judgment because the Appellants were entitled to deduct the amounts paid for Merchant Services chargebacks as the payments were ordinary and necessary business expenses.

### ***Legal Expenses***

The Appellants are entitled to a deduction under I.R.C. § 162(a) for the funds provided in 2017 to Ms. Anderson to remit as payment for legal expenses related to My Pets Pride. Ordinary and necessary legal expenses are deductible under I.R.C. § 162(a) when such expenses arise in connection with the taxpayer's income-producing activities. *McKenny v. United States*, 973 F.3d 1291, 1297 (11th Cir. 2020). Deductible legal expenses can still arise in connection with an income-producing activity even when such expenses were incurred to defend an individual against criminal prosecution and arrest. In *Tellier*, the United States Supreme Court held that legal expenses incurred by an individual securities dealer to defend against criminal prosecution were deductible under I.R.C. § 162(a). *Tellier*, 383 U.S. at 689. The Court stated that the criminal charges against the individual "found their source in his business activities as a securities dealer." *Id*.

17

Here, the district court erroneously determined that the Appellant's legal expenses did not arise in connection with income-producing activities, stating that the "legal fees appear to be personal in character and origin because the purpose of the fake legal fees was to shield Mr. Gomas from personal liability and arrest, not to protect or promote any businesses." Order Granting United States' Motion for Summary Judgment p. 11.

The district court failed to properly consider the source of the legal action against Appellant Dennis Gomas giving rise to the legal expenses incurred by the Appellants. Like the individual in *Tellier*, the purported legal action against Appellant Dennis Gomas found its source in the Appellants' business activities with My Pets Pride. The Appellants incurred legal expenses to defend against purported lawsuits initiated by Merchant Services creditors to collect chargebacks and other fees owed by My Pets Pride. These legal expenses incurred by the Appellants are expressly related to the income-producing activities of My Pets Pride because the Merchant Services accounts were required to process all credit card sales. Without the ability to process credit card sales, my Pets Pride would be unable to generate nearly all of its revenue.

These legal expenses constitute ordinary and necessary business expenses under I.R.C. § 162(a) related to the income-producing activities of My Pets Pride. The legal fees were ordinary because the fees were deductible in the current period.

18

The legal fees were necessary because the fees served My Pets Pride's business ends by preventing My Pets Pride's Merchant Services account from being suspended. In addition, the legal fees were necessary because, at all times, the Appellants intended to serve the business ends of My Pets Pride as the Appellants remitted payments to Ms. Anderson with the good-faith belief that the legal fees were legitimate business expenses that would aid the business. Accordingly, the Appellants are entitled to deduct under I.R.C. § 162(a) the funds provided to Ms. Anderson for purported legal expenses.

**B.     The Appellants engaged in an active trade or business in 2017 through their activities with My Pets Pride.**

The district court erroneously determined that the Appellants "were not engaged in any for-profit business activity – they had retired." Order Granting United States' Motion for Summary Judgment p. 10. A taxpayer engages in or carries on an active trade or business when he entered into the business activity with the dominant hope and intent of realizing a profit. *Brannen v. Commissioner*, 722 F.2d 695, 704 (11th Cir. 1984). Determining whether a taxpayer is engaged in an active trade or business is considered a factual finding. *Osteen v. Commissioner*, 62 F.3d 356, 358 (11th Cir. 1995). After the taxpayer establishes that he was engaged in an active trade or business, the taxpayer may deduct ordinary and necessary business expenses. *Brannen*, 722 F.2d at 704.

The district court cut off Appellants' right to prove at trial whether they were engaged in an active business. Instead of allowing a jury to make a factual finding consistent with *Osteen*, the district court determined, without pointing to any specific supporting facts, that "it is impossible to claim a relationship between the funds that Plaintiffs gave Anderson and the advancement of a businesses they had permanently closed." Order Granting United States' Motion for Summary Judgment p. 10. This determination fails to consider the myriad of facts supporting that the Appellants were engaged in an active trade or business in 2017 through My Pets Pride.

There is no dispute that Appellants actively supervised and managed business operations for My Pets Pride until June 2016 when they transitioned operational control to Ms. Anderson. However, the Appellants continued supervising and actively participating in business operations in 2017. Appellant Suzanne Gomas engaged in business activities during 2017 by infusing the business with cash for expenses, including Merchant Services chargebacks, preparing sales tax returns; and making financial decisions for the business. Meanwhile, Appellant Dennis Gomas continued his active involvement with the business by allowing his name to remain on the Merchant Services account and business bank account during 2017.

**C.    Retirement does not bar the Appellants from deducting ordinary and necessary business expenses.**

Even if the Appellants were retired from My Pets Pride in 2017, they are not precluded from deducting ordinary and necessary business expenses incurred in 2017 that arose from activities of the business in previous years. In *Arrowsmith v. Commissioner*, the petitioners, two taxpayers who owned shares of a corporation, liquidated the corporation over a four-year period ending in 1940 and reported the profits from the liquidation of the corporation as income. *Arrowsmith v. Commissioner*, 344 U.S. 6, 7 (1952). In 1944, four years after the corporation had been liquidated and closed, a judgment was rendered against the old corporation and the two petitioners were required to pay the judgment, which they did. *Id.* The Supreme Court determined that this payment related back to the activities of the business and that the petitioners were entitled to deduct the payment on their 1944 individual income tax returns. *Id* at 8-9.

The Board of Tax Appeals, which is now known as the United States Tax Court, has also directly addressed this issue. In *Burrows v. Commissioner*, the Board of Tax Appeals stated:

> The petitioner claims the deduction as a business expense of $221.43 incurred in his practice of medicine in former years which was paid in the taxable year after the petitioner had retired from practice. The petitioner is on a cash basis, so that the year when these expenses were paid rather than when they were incurred is controlling. The fact that during the taxable year the petitioner was not continuing his practice does not prohibit the deduction, since the statute does not require

21

> continuation of a business in which expenses are incurred. Neither do the regulations make any such requirement. This deduction is allowed.

*Burrows v. Commissioner*, 38 B.T.A. 236, 238 (1938). The Tax Court more recently encountered this issue in *Dowd v. Commissioner*. In *Dowd*, the court determined that a cash-basis taxpayer may only deduct an ordinary and necessary business expense when it is paid, even if payment is made subsequent to the termination of the business. *Dowd v. Commissioner*, 68 T.C. 294, 301 (1977).

Here, the funds paid to Ms. Anderson clearly arose from the Appellants' activities while engaged in the active business of My Pets Pride in previous years. There is no dispute that the Appellants operated My Pets Pride from 2014 to 2016. During this time, the Appellants utilized a Merchant Services Account to process credit card transactions. My Pets Pride often became liable for chargebacks to the Merchant Services Account. In 2017, Ms. Anderson informed the Appellants that My Pets Pride had unpaid chargebacks from the Appellants' operation of My Pets Pride. Ms. Anderson also informed the Appellants that they needed an attorney, Mr. Rickman, to represent them in order to prevent the arrest of Mr. Gomas due to non-payment of the chargebacks for My Pets Pride. In 2017, the Appellants provided Ms. Anderson with funds to pay Mr. Rickman for his purported legal representation and to pay the unpaid chargebacks. Because these chargebacks and purported legal fees arose from the Appellants' operation of My Pets Pride, the expenses related to these items relate back to the Appellants' operation of the business, and they are entitled

to deduct these expenses in the year paid. *Arrowsmith*, 344 U.S. at 7; *Dowd*, 68 T.C. at 301; *Burrows*, 38 B.T.A. at 237. Accordingly, the Appellants' decision to retire does not preclude them from deducting these ordinary and necessary business expenses.

### III.    Appellants Were Not Distributees Under I.R.C. § 408(d)(1) Because The Appellants Did Not Receive The Economic Benefit of The Distributions.

The Appellants were not distributees under I.R.C. § 408(d)(1) because the Appellants did not receive the economic benefit of the distributions from Appellant Dennis Gomas' retirement account. For a distribution from an individual retirement account to be includable in a taxpayer's gross income, the taxpayer must be the distributee of that distribution. I.R.C. § 408(d)(1) (2023). The recipient of the distribution is not automatically the distributee of that distribution. *Bunney v. Commissioner*, 114 T.C. 259, 262 (2000). The taxable distributee under I.R.C. § 408(d)(1) may be someone other than the recipient or purported recipient eligible to receive funds from the individual retirement account. *Roberts v. Commissioner*, 141 T.C. 569, 576 (2013). Whether there is an economic benefit accruing to the taxpayer is the crucial factor in determining whether there is gross income. *Id* at 583 n.19 (2013).

The Appellants never received the economic benefit of the distributions from Appellant Dennis Gomas' IRA account because the Appellants were criminally defrauded by Ms. Anderson. She engaged in a complex criminal scheme to swindle

the Appellants out of their retirement savings. Ms. Anderson fraudulently impersonated an attorney, fabricated criminal charges, and undertook further fraudulent measures to induce the Appellants into withdrawing the funds from Appellant Dennis Gomas' IRA account. After withdrawing the funds, the Appellants immediately provided them to Ms. Anderson who would then use the funds for her own personal expenses.

The law clearly provides that the recipient of retirement account distributions is not necessarily the distributee because the recipient did not receive the economic benefit of the transaction. *See Bunney*, 114 T.C. at 262; *Roberts*, 141 T.C. 569 at 583 n. 19. Appellants were recipients of the distributions, but they never received the economic benefit of the distributions because the distributions were induced by fraud and the funds immediately handed over to Ms. Anderson. Appellants never had the opportunity to use the distributions for their own personal benefit due to Ms. Anderson's fraudulent conduct. However, Ms. Anderson received the economic benefit of the distributions, despite not being the recipient of the distributions, because she used the funds for her own personal benefit. Accordingly, the Appellants were not the distributee under I.R.C. § 408(d)(1) because they did not receive the economic benefit of the distributions.

## CONCLUSION

For the foregoing reasons, Appellants request this Court determine that genuine issues of material fact exist that preclude summary judgment, that the Appellants paid or incurred deductible ordinary and necessary business when the Appellants provided funds to Ms. Anderson, and that this Court reverse the judgment against the Appellants.


Date: October 25, 2023                    Respectfully submitted,

**/s/ Tyler H. DeWitt**
TYLER H. DEWITT (0122005)
7320 E. Fletcher Ave.
Tampa, FL 33637
Telephone: (813) 603-1350
tyler@thedewittfirm.com

**/s/ Andrew Mullendore**
ANDREW MULLENDORE
(1044882)
7320 E. Fletcher Ave.
Tampa, FL 33637
Telephone: (813) 603-1350
andrew@thedewittfirm.com

*Attorneys for Appellants*
Dennis Gomas
Suzanne Gomas

## CERTIFICATE OF COMPLIANCE

**1.    Type-Volume**

This document complies with the word limit of FRAP 32(a)(7) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 5,527 words.

**2.    Typeface and Type-Style**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

**/s/ Tyler H. DeWitt**
TYLER H. DEWITT (0122005)
3189 Kirby Whitten Road
Suite 106
Memphis, TN 38134
tyler@thedewittfirm.com

**/s/ Andrew Mullendore**
ANDREW MULLENDORE
(1044882)
3189 Kirby Whitten Road
Suite 106
Memphis, TN 38134
andrew@thedewittfirm.com

*Attorneys for Appellants*

26

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ ECF system, which will electronically serve counsel of record for Appellee.

**/s/ Tyler H. DeWitt**
TYLER H. DEWITT (0122005)
3189 Kirby Whitten Road
Suite 106
Memphis, TN 38134
tyler@thedewittfirm.com

**/s/ Andrew Mullendore**
ANDREW MULLENDORE
(1044882)
3189 Kirby Whitten Road
Suite 106
Memphis, TN 38134
andrew@thedewittfirm.com